IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE HOWARD, <br> No. 04982-033, <br>       Petitioner, <br> vs. <br> J.S. WALTON, <br>       Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 15-cv-00932-DRH <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jerry Lee Howard is currently incarcerated in the United States Penitentiary at Marion, Illinois, located within this judicial district. Howard brings this habeas corpus action pursuant to 28 U.S.C. § 2241, presenting a Fifth Amendment Double Jeopardy Clause challenge and asking the Court to "strike" his conviction and release him from custody.

The petition is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**Procedural History**

On May 19, 1993, a federal grand jury returned a two-count indictment, charging defendant Jerry Lee Howard with aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), and first-degree wanton endangerment in violation of 18 U.S.C. § 13 and Ky.Rev.Stat. § 508.060.  *United States v. Howard*, Case No. 93-CR-49H (W.D. Ky. 1993).  A jury convicted Howard of both counts, but that judgment was vacated on direct appeal because of a Speedy Trial Act violation, leaving the district court to decide whether dismissal would be with or without prejudice.  *United States v. Howard*, 129 F.3d 1266 (6th Cir. 1997).

On remand, the original indictment was dismissed *without* prejudice.  It is the ensuing attempts to charge Howard that are at issue in the present habeas corpus petition.  However, ultimately, Howard was tried and convicted in *United States v. Howard*, Case No. 98-CR-00033-JGH (W.D. Ky. 1999).  He is currently serving a life sentence based on that conviction.  His direct appeal failed and the appellate court specifically upheld the dismissal of the original indictment without prejudice. *See United States v. Howard*, 218 F.3d 556 (6th Cir. 2000).

After the original indictment (Case No. 93-CR-49H) was dismissed without prejudice, the government attempted to charge Howard in fits and starts.  A complaint was filed in Case No. 98-MJ-00077-CCG (W.D.Ky. filed Mar. 17, 998), and then dismissed upon motion of the government.  A second complaint was lodged days later, Case No. 98-MJ-00086 (W.D.Ky. filed Mar. 24, 1998), which subsequently was superseded by indictment in Case No. 1998-CR-00033-JGH

(W.D. Ky. Filed Apr. 6, 1998). As already noted, that is the conviction for which Howard is currently incarcerated.

There is no indication that Howard has ever utilized 28 U.S.C. §§ 2255 or 2241.

### The Petition

Petitioner Howard now challenges the government's initial attempt to re-charge him after his original conviction was overturned—dismissed without prejudice—due to a Speedy Trial Act violation: Case No. 98-MJ-00077-CCG (W.D.Ky. filed Mar. 17, 998). Case No. 98-MJ-00077-CCG was dismissed upon motion of the government. He contends that his Fifth Amendment right not to be subjected to double jeopardy was violated with the filing of that first complaint, which re-charged him with aggravated sexual abuse by force or threat, in violation of 18 U.S.C. § 2241(a).

The lynchpin of Howard's argument is that *United States v. Howard*, Case No. 93-CR-49H (W.D. Ky. 1993), was still pending at the time Case No. 98-MJ-00077-CCG was filed. A review of the public record reveals that the indictment in Case No. 93-CR-49H was dismissed without prejudice on March 20, 1998. The complaint in Case No. 98-MJ-00077-CCG was filed March 17, 1998, three days *before* the dismissal of the old case.[1] Howard insists that the violation had

---

[1] Of course, the Court of Appeals for the Sixth Circuit had vacated the judgment of conviction and merely remanded the matter to the district court "for entry of dismissal of the indictment" and determination of "whether the indictment will be dismissed with or without prejudice." *United States v. Howard*, 129 F.3d 1266

occurred, regardless of the subsequent dismissal of the complaint and the later prosecution under Case Nos. 98-MJ-00086 and 1998-CR-00033-JGH.

The petition rests upon the Double Jeopardy Clause of the Fifth Amendment which states: "[N]or shall any person be subject for the same offence [sic] to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. Howard stresses that the Double Jeopardy Clause prohibits *successive prosecution* or multiple punishment for the same offense. *Witte v. United States*, 515 U.S. 389, 391 (1995).

## Discussion

For the following reasons, Howard's Section 2241 petition fails and must be dismissed.

Ordinarily, a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the actual execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e).

---

(6th Cir. 1997). Thus, the indictment was, arguably, a nullity at that point. This Court need not delve into that argument as the petition fails for other reasons.

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *see* also *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"  *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

First and foremost, petitioner Howard makes clear that he is challenging Case No. 98-MJ-00077-CCG (W.D.Ky. filed Mar. 17, 998).  That complaint was dismissed shortly after it was filed.  Section 2241(c) states in pertinent part that the writ shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws or treaties of the United States.  Howard's custody stems from Case No. 1998-CR-00033-JGH.

Given that Howard is proceeding *pro se*, it will be assumed that he is attempting to argue that he was placed in "triple jeopardy" when he was tried and convicted in Case No. 1998-CR-00033-JGH. Nevertheless, Howard has not shown that Section 2255 is inadequate or ineffective; nor has he argued that he qualifies to proceed under the savings clause (which would be difficult in that he is pressing a constitutional issue). Howard only asserts that he just recently realized he had a double jeopardy argument. The fact that the one-year limitations period for filing a Section 2255 motion has expired does not render Section 2255 an inadequate or ineffective remedy. *See Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007)(a petitioner cannot let the one-year deadline pass and then take advantage of the fact Section 2241 has no limitations period). Consequently, the Section 2241 petition will be dismissed with prejudice.

### Recruitment of Counsel

One more matter must be addressed: Howard's motion for recruitment of counsel (Doc. 2). He explains that he has only a grade school education and is illiterate and suffers from a learning disability. He filed the present petition with the assistance of another inmate. Thus, the question becomes, would counsel give Howard a reasonable chance of success? *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

A litigant is not entitled to counsel in a federal post-conviction proceeding (*Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir. 2005)), although a district court may appoint or recruit counsel in

the interests of justice (18 U.S.C. § 3006A(a)(2)(B)). In this situation, counsel would add little or nothing to the analysis or otherwise serve the interests of justice—Section 2241 is simply not an available avenue for relief. Therefore, Howard's motion for counsel (Doc. 2) will be denied and the petition will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that petitioner Howard's motion for recruitment of counsel (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner Howard's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED.R.APP.P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the appeal deadline. *See* FED.R.APP.P. 4(a)(4) (listing motions that alter the time for filing an appeal).

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Dated: 9/16/2015**

Digitally signed by David R. Herndon
Date: 2015.09.16 11:33:30 -05'00'

**United States District Court**